REED SMITH LLP  
599 Lexington Avenue  
New York, New York 10022  
(212) 521-5400  
Eric A. Schaffer  
David M. Schlecker  

Counsel for Defendant BNY Corporate Trustee Services Limited

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------- x

| | |
|---|---|
| LEHMAN BROTHERS SPECIAL FINANCING INC. | : |
| | : |
| Plaintiff, | : |
| | : Adversary Proceeding |
| -against- | : |
| | : No.: 09-01242 (JMP) |
| BNY CORPORATE TRUSTEE SERVICES LIMITED | : |
| Defendant. | : |

------------------------------------- :

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT BNY CORPORATE TRUSTEE SERVICES LIMITED

### ANSWER

BNY Corporate Trustee Services Limited (the "Trustee"), by and through its undersigned counsel, answers the Complaint of Lehman Brothers Special Financing Inc. ("LBSF" or "Plaintiff"), as follows:

Response to Paragraph No. 1: The allegations in Paragraph 1 are legal conclusions that do not require an admission or denial. To the extent a response may be required, the relevant documents speak for themselves and the Trustee denies the allegations in Paragraph 1 to the extent they are not consistent with the documents.

Response to Paragraph No. 2: The allegations in Paragraph 2 are legal conclusions that do not require an admission or denial. To the extent a response may be required, the relevant documents speak for themselves and the Trustee denies the allegations in Paragraph 2 to the extent they are not consistent with the documents.

Response to Paragraph No. 3: The allegations in Paragraph 3 are legal conclusions that do not require an admission or denial.

Response to Paragraph No. 4: The allegations in Paragraph 4 state legal conclusions to which no response is required.

Response to Paragraph No. 5: The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the allegations in Paragraph 5.

Response to Paragraph No. 6: The Trustee denies the allegations of Paragraph 6 but admits that the Trustee is a company organized with limited liability under the laws of England with its principal place of business at One Canada Square, London E14 5AL, England. The second sentence of Paragraph 6 purports to state a legal conclusion to which no response is required. The Trustee denies the third sentence of Paragraph 6 but admits that it is a wholly owned subsidiary of The Bank of New York Mellon Corporation.

US_ACTIVE-102166437

Response to Paragraph No. 7: The allegations in Paragraph 7 state legal conclusions to which no response is required. The Trustee expressly reserves all rights under 28 U.S.C. §§157 and 1334.

Response to Paragraph No. 8: The allegations in Paragraph 8 state legal conclusions to which no response is required.

Response to Paragraph No. 9: The allegations in Paragraph 9 state legal conclusions to which no response is required.

Response to Paragraph No. 10: The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10.

Response to Paragraph No. 11: The Trustee admits the allegations in Paragraph 11.

Response to Paragraph No. 12: The allegations in Paragraph 12 state legal conclusions to which no response is required.

Response to Paragraph No. 13: The allegations in Paragraph 13 relate to documents, the terms of which speak for themselves, and the Trustee denies the allegations in Paragraph 13 to the extent they are not consistent with the documents.

Response to Paragraph No. 14: The allegations in Paragraph 14 relate to documents, the terms of which speak for themselves, and the Trustee denies the allegations in Paragraph 14 to the extent they are not consistent with the documents.

Response to Paragraph No. 15: The allegation in Paragraph 15 are legal conclusions to which no response is required. To the extent a response may be required, the relevant documents speak for themselves and the Trustee denies the allegations in Paragraph 15 to the extent they are not consistent with the documents.

US_ACTIVE-102166437

Response to Paragraph No. 16: The Trustee lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 to the extent relating to any unspecified agreements included in the definition of "Transaction Documents." The Trustee further avers that the relevant documents speak for themselves and The Trustee denies the allegations in Paragraph 16 to the extent they are not consistent with the documents.

Response to Paragraph No. 17: The Trustee lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and further states that the letter dated November 25, 2008, from counsel to Plaintiff attached as Exhibit E to Plaintiff's Complaint is not addressed to the Trustee.

Response to Paragraph No. 18: The Trustee denies the allegations in the first sentence of Paragraph 18 except admits that letters dated December 1, 2008, were sent by Saphir, the terms of which speak for themselves. The Trustee admits the allegations in the second sentence of Paragraph 18. The allegations in the third sentence of Paragraph 18 state legal conclusions to which no response is required.

Response to Paragraph No. 19: The Trustee denies the allegations in Paragraph 19 except admits that Perpetual Trustee Company Limited ("Perpetual") filed a claim in the High Court of Justice Chancery Division, Royal Courts of Justice, in London (the "English Action") seeking an order that the Trustee must pay Perpetual in accordance with noteholder priority under the Principal Trust Deed.

Response to Paragraph No. 20: The allegations in Paragraph 20 state legal conclusions to which no response is required.

Response to Paragraph No. 21: The allegations in Paragraph 21 state legal conclusions to which no response is required.

Response to Paragraph No. 22: The Trustee incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 21.

Response to Paragraph No. 23: The allegations in Paragraph 23 state legal conclusions to which no response is required. To the extent a response may be required, the relevant documents speak for themselves and the Trustee denies the allegations in Paragraph 23 to the extent they are not consistent with the documents. The Trustee further avers that the judgment rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 24: The allegations in Paragraph 24 state legal conclusions to which no response is required.

Response to Paragraph No. 25: The allegations in Paragraph 25 state legal conclusions to which no response is required.

Response to Paragraph No. 26: The allegations in Paragraph 26 state legal conclusions to which no response is required. To the extent a response may be required, the relevant documents speak for themselves and the Trustee denies the allegations in Paragraph 26 to the extent they are not consistent with the documents. The Trustee further avers that the judgment rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 27: The allegations in Paragraph 27 state legal conclusions to which no response is required. To the extent a response may be required, the relevant documents speak for themselves and the Trustee denies the allegations in Paragraph 27 to the extent they are not consistent with the documents. The Trustee further avers that the judgment

rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 28: The allegations in Paragraph 28 state legal conclusions to which no response is required. The Trustee further avers that the judgment rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 29: The allegations in Paragraph 29 state legal conclusions to which no response is required. The Trustee further avers that the judgment rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 30: The Trustee denies the allegations in Paragraph 30. The Trustee further avers that the judgment rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 31: The allegations in Paragraph 31 state legal conclusions to which no response is required. The Trustee further avers that the judgment rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 32: The Trustee incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 through 31.

Response to Paragraph No. 33: The allegations in Paragraph 33 state legal conclusions to which no response is required. The Trustee further avers that the judgment

rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 34: The allegations in Paragraph 34 state legal conclusions to which no response is required. The Trustee further avers that the judgment rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 35: The Trustee denies the allegations of Paragraph 35. The Trustee further avers that the judgment rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

Response to Paragraph No. 36: The allegations in Paragraph 36 state legal conclusions to which no response is required. The Trustee further avers that the judgment rendered in the English Action, in which LBSF is a party, has determined that noteholder priority applies to the transactions at issue in this adversary proceeding.

## II. AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's complaint must be dismissed because a necessary and indispensible party under Rule 19 of the Federal Rules of Civil Procedure, Perpetual, is not a party to this adversary proceeding. The bankruptcy court's denial of the Trustee's Motion for Dismissal on this and other grounds is the subject of an appeal which, if successful, may result in a dismissal of this adversary proceeding.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unjust enrichment.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of res judicata.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### Eighth Affirmative Defense

Plaintiff's claims are barred because under English law, which governs the transactions in this case, the Trustee has no duty to act in the absence of satisfactory indemnification and direction from the noteholder, which the Trustee has not received, and therefore, the Trustee is not a proper defendant in this action.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution because, notwithstanding the fact that the collateral is subject to noteholder priority, plaintiff seeks to obtain a judgment that the collateral being held by the Trustee must be distributed pursuant to "Swap Counterparty Priority," as that term is used in Plaintiff's Complaint.

### Tenth Affirmative Defense

The Trustee affirmatively raises and reserves all other applicable equitable and legal defenses.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent the Court does not have subject matter jurisdiction over this matter under 28 U.S.C. § 1334.

**Twelfth Affirmative Defense**

Plaintiff's claims must be reduced by amounts owed by them pursuant to the underlying contracts.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred by the implied covenant of good faith and fair dealing.

**RESERVATION OF RIGHTS**

The Trustee reserves the right to assert additional affirmative defenses as it discovers them through discovery or other investigation.

WHEREFORE, the Trustee respectfully requests the Court to enter an order:

a. Dismissing the Complaint with prejudice;

b. Awarding the Trustee its reasonable attorneys' and professionals' fees, costs, and full indemnification to the Trustee's satisfaction; and

c. Awarding such other relief as the Court deems just and proper.

US_ACTIVE-102166437

Dated: New York, New York
August 24, 2009

Respectfully submitted,

/s/ Eric A. Schaffer
Eric A. Schaffer
David M. Schlecker
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Attorneys for Defendant Plaintiff BNY Corporate Trustee Services Limited

TO:

Ralph I. Miller
Peter Gruenberger
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

Dennis F. Dunne
Wilbur F. Foster, Jr.
Evan R. Fleck
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005

David S. Cohen
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street N.W., Suite 1100
Washington, DC 20006

-10-

US_ACTIVE-102166437