REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel.: 212.521.5400
Fax: 212.521.5450
   Eric A. Schaffer
   Michael J. Venditto
   David M. Schlecker

*Attorneys for BNY Corporate Trustee Services, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et al. | Case No. 08-13555 (JMP) |
| Debtors. | |
| LEHMAN BROTHERS SPECIAL FINANCING INC., | |
| Plaintiff, | Adv. Proc. No. 09-01242 (JMP) |
| - against - | |
| | *Related to Docket No. 47* |
| BNY CORPORATE TRUSTEE SERVICES LIMITED, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BNY CORPORATE TRUSTEE SERVICES LIMITED TO STAY FURTHER PROCEEDINGS PENDING DISPOSITION OF ITS MOTION FOR LEAVE TO APPEAL THE AUGUST 12, 2009 ORDER DENYING BNY'S MOTION TO DISMISS AND ANY DISPOSITION OF THE MERITS OF THAT APPEAL**

Dated: September 1, 2009

Pursuant to Fed. R. Bank. R. 8005, Defendant BNY Corporate Trustee Services Limited ("BNY") respectfully submits this Memorandum of Law in Support of its Motion to Stay this adversary action pending resolution of BNY's motion for leave to appeal this Court's August 12, 2009 order denying BNY's motion to dismiss.  <u>See</u> Dkt. No. 47, filed Aug. 24, 2009. Specifically, BNY seeks a stay of this adversary action:  (1) pending final resolution of BNY's attempt to obtain interlocutory review; and (2) if leave to appeal is granted by an appellate court, during the pendency of the appeal as well.

## I.

## INTRODUCTION AND REASONS TO GRANT BNY'S REQUESTED STAY

BNY seeks leave to appeal to the District Court with regard to two dispositive issues: (1) whether Fed. R. Civ. P. 19 compels dismissal of this adversary action because of the infeasibility of joining non-party Perpetual Trustee Company Limited ("Perpetual"); and (2) whether principles of international comity compel the same result in deference to the trial and appellate proceedings dealing with the Saphir Notes pending in England.

The failure to grant an appropriate stay indisputably threatens the very relief sought by BNY's appeal.  Should this Court proceed on the merits, and particularly if it should grant Lehman Brothers Special Financing Inc.'s ("LBSF") motion for summary judgment on the priority of payment issue, the relief sought by BNY's appeal—dismissal of this action—will be negated.  The conflicting adjudications and duplicative proceedings the appeal seeks to avoid will be a reality.  Any possible deference to the English proceedings will be thwarted.  Moreover, if the relief BNY seeks by way of its appeal is granted, any further adjudication in this proceeding would be in direct contravention of the public policies that Rule 19 and principles of international comity are intended to further.

BNY has strong arguments on the merits supporting its appeal, and both it and Perpetual will be prejudiced severely if this adversary action proceeds to resolution in the face of BNY's appeal. By comparison, there is no compelling reason to rush to judgment on any issue in the adversary action, including the priority of payment issue as presented in this case. There is, therefore, every reason to let the orderly process of the appeal run its course.

In short, because the reasons to grant an appropriate stay pending appeal are apparent, BNY respectfully requests that its motion to stay be granted.

## II.

## APPLICATION OF RULE 8005 SUPPORTS THE GRANTING OF A STAY

The factual and procedural background of this stay request are well known to the parties and this Court. On August 12, 2009, after briefing and argument, this Court denied BNY's motion to dismiss based on Rule 19 and international comity grounds, finding that BNY could adequately protect Perpetual's interests by vigorously litigating the priority question in the separate "*AFLAC*" proceeding. BNY disputes that reasoning and has sought leave for an immediate appeal. Following denial of BNY's motion, this Court indicated its intent to resolve the priority of payment issue on the merits—a step directly at odds with the relief BNY seeks in its attempted appeal. In particular, if BNY is right that Rule 19 and principles of international comity compel dismissal of this adversary action, then the contemplated determination on the merits of the priority of payment for the Saphir Notes is procedurally improper.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). Fed. R. Bank. P. 8005 sets forth the procedure for seeking a stay pending an appeal of a bankruptcy court's

order.  See In re Adelphia Comm'cns Corp., 361 B.R. 337, 346 (S.D.N.Y. 2007).  Since Rule

8005 does not contain the standard governing such motions, "courts within the Second Circuit

have followed the same standard used for stays of district court orders pending appeals to the

circuit court…."  Id.

The factors relevant in determining whether to issue a stay are:  "(1) the private interests

of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the

prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3)

the interest of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the

public interest."  Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A., 2009 WL

1174802, at *8 (S.D.N.Y. Apr. 29, 2009) (quoting Kappel v. Comfort, 914 F. Supp. 1056, 1058

(S.D.N.Y. 1996)); LaSala v. Needham & Co., Inc., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)

(same).  Analysis of these factors tips decidedly in favor of granting BNY's requested stay.

**FACTOR 1:  LBSF's Interest In Proceeding Expeditiously Is Outweighed By The Reasons Supporting A Stay, And LBSF Will Not Be Prejudiced Materially If A Stay Is Granted.**

LBSF certainly has declared its interest in having this Court resolve the priority of

payment issue as soon as possible.  But its reason for seeking expedited treatment is its desire to

circumvent the English Action, rather than any immediate threat to its alleged rights or interests

in the Saphir Notes.  There is no immediate threat that the Net Proceeds from the Saphir Notes

will be distributed, and LBSF is not facing the immediate loss of any right to the Net Proceeds.

To be sure, LBSF may claim it will be prejudiced if the English Action is resolved adversely to

it.  But it intervened in that action of its own accord, and in doing so, agreed to litigate in English

courts under English law.  Any perceived prejudice to LBSF is purely a result of its own

decisions.

In any event, there is no perceptible prejudice that will result to LBSF from a stay of *this proceeding* pending resolution of BNY's motion for leave to appeal. At worst, the stay creates a timing issue between the resolution of the English Action and the resolution of BNY's appeal. But if BNY's appeal is meritorious, then LBSF has no grounds to complain—it will be bound by the dictates of Rule 19 and international comity and this action will be dismissed. If BNY's appeal is not entertained or rejected on its merits, then the need to reconcile these proceedings with the English Action remains. That reconciliation can be accomplished by coordination of the two proceedings when and as appropriate.

Accordingly, whatever prejudice might follow to LBSF from the delay is curable and will not prevent LBSF from adjudicating its rights or interests in the appropriate forum. The failure to grant the requested stay, however, will prejudice BNY irretrievably and, concomitantly, will nullify the interests Rule 19 and international comity are intended to protect. This factor therefore favors the grant of BNY's requested stay.

**FACTOR 2: BNY's Private Interests Will Be Prejudicially Compromised If The Requested Stay Is Not Granted.**

For all the reasons highlighted in its motion for leave to appeal, BNY's interests will be adversely impacted if the proposed stay is not granted and this adversary action proceeds. The absence of a stay sets up the potential for conflicting orders and leaves BNY caught between LBSF, on the one hand, and Perpetual, on the other, without any indemnity from either. In addition, if BNY's arguments for dismissal are entertained and upheld on appeal but this Court, in the meantime, proceeds to adjudicate the merits of LBSF's motion for summary judgment, that adjudication will have undercut the core principles underlying Rule 19 and international comity. Indeed, in this scenario, if no stay is entered, this Court will have done the very thing

that Rule 19 and international comity prohibit—adjudicate the merits of the priority of payment dispute. This factor likewise supports BNY's requested stay.

**FACTOR 3: The Interests Of The Affected Courts Favor Granting The Requested Stay.**

The granting of the requested stay also will promote the orderly process of adjudication and best balance the interests of each of the affected Courts. First, it will give effect to the English Action and pay proper deference to the English Courts. Second, it will respect the District Court's jurisdiction by letting the appellate process run its course and preserving the efficacy of any subsequent adjudication on the merits by that Court. And third, it will not foreclose this Court from resolving any issue properly before it once the appeal question is resolved.

Granting a stay will further serve the important interests of all courts in avoiding piecemeal litigation "by promoting judicial efficiency and minimiz[ing] the possibility of conflicts between different courts." Catskill Mountains Chapter of Trout Unlimited, Inc., 2009 WL 1174802, at *8 (citation and internal quotations omitted). Indeed, if a stay pending appeal can help achieve such results, it *should be* granted. C.B.S. Employees Federal Credit Union v. Donaldson Lufkin & Jenrette Sec. Corp., 716 F. Supp. 307, 310 (W.D. Tenn. 1989) (granting stay pending appeal, reasoning that "[t]hough public policy generally favors prompt resolution of disputes, it also favors an efficient allocation of judicial resources. It does not make sense for this Court to expend its time and energy preparing this case for trial and possibly trying it only to learn at a later date from the court of appeals that it was not the proper forum to hear the case."); Winig v. Cingular Wireless LLC, 2006 U.S. Dist. LEXIS 83116, at *9-10 (N.D. Cal. Nov. 6, 2006) (granting stay pending appeal, finding that "[a] stay would promote the public interest in the economical use of judicial resources").

If an appeal is allowed and BNY's arguments are accepted, then litigation of the priority of payment issue in multiple fora properly will be avoided. Efficiencies will be achieved by the granting of the stay as well. The English Courts already have considered the merits of the priority issue under English law and the question is pending on appeal in England. The English proceeding indisputably stands to provide a more expeditious, efficient, and complete resolution of that issue. Thus, the interest in conserving judicial resources, too, favors the requested stay.

**FACTOR 4: The Interests Of Non-Party Perpetual Are Prejudiced In The Absence Of Granting The Requested Stay.**

This Court is well-acquainted with Perpetual's direct stake in this adversary action. On the one hand, the potential for conflicting results and the failure to give deference to the results in the English Action materially prejudice Perpetual's interests in the Net Proceeds from the Saphir Notes. On the other hand, as BNY's dismissal and leave to appeal briefing demonstrates, application of the equitable principles reflected in Rule 19 and the prudential principles of international comity avoids that prejudice. A stay pending resolution of BNY's appeal accordingly is the only option for avoiding the profound prejudice to non-party Perpetual's interests.

**FACTOR 5: The Public Interest Favors Granting The Requested Stay.**

The public, as well as the courts, has an interest in efficient and complete adjudication of disputes. See Republic of Philippines v. Pimentel, 128 S.Ct. 2180, 2193 (2008) (referring to the "public stake in settling disputes by wholes" and the "social interest in the efficient administration of justice and the avoidance of multiple litigation") (internal citations and quotations omitted); Bergeron v. Estate of Leob, 777 F.2d 792, 798 (1st Cir. 1985) (acknowledging "the public interest in wise judicial administration, … conservation of judicial

resources and comprehensive disposition of litigation.") (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)); American Horse Protection Assoc. v. Lyng, 690 F. Supp. 40, 45 (D.D.C. 1988) (in entering injunction against litigation pending in second district court, finding that "the public interest in the conservation of judicial resources and comprehensive disposition of litigation will be served by the issuance of an injunction").

The conservation of judicial resources that would be achieved by the requested stay is a recognized public benefit. Nor is any public interest harmed by the requested stay here. The aspect of the adversary action at issue here is unique as far as the issues on appeal are concerned. The other parties in the LBSF bankruptcy proceedings, moreover, continue to litigate their issues. On balance, therefore, the public's recognized interest in conserving judicial resources favors the granting of the requested stay.

## III.

## CONCLUSION

The factors considered in whether to grant a stay pending appeal overwhelmingly favor the granting of BNY's requested stay. Accordingly, BNY asks this Court to enter a stay of the adversary action: (1) pending final resolution of BNY's attempt to obtain interlocutory review of this Court's August 12, 2009 order denying its motion to dismiss; and (2) if leave to appeal is granted by an appellate court, during the pendency of the appeal as well.

Dated:  September 1, 2009
      New York, New York

**REED SMITH LLP**

/s/ Eric A. Schaffer
_____

Eric A. Schaffer
Michael J. Venditto
David M. Schlecker
599 Lexington Avenue
New York, New York 10022
Tel.:  212.521.5400
Fax:  212.521.5450

*Attorneys for BNY Corporate Trustee Services, Ltd.*