WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Peter Gruenberger

Attorneys for Debtors
and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

In re:                                                    :

LEHMAN BROTHERS HOLDINGS INC., *et al.*    :

        Debtors.                              :

———————————————————————x


LEHMAN BROTHERS SPECIAL FINANCING INC.    :

        Plaintiff,                            :

-against-                                                 :

BNY CORPORATE TRUSTEE SERVICES LIMITED

        Defendant.                            :

                             :

———————————————————————x

Chapter 11

Case No. 08-13555 (JMP)

Adv. Proc.
No. 09-01242 (JMP)

## OPPOSITION TO BNY'S MOTION TO STAY
## FURTHER PROCEEDINGS PENDING APPEAL

**TABLE OF CONTENTS**

Table of Authorities ............................................................................................................ ii

Preliminary Statement ......................................................................................................... 1

Statement of Facts .............................................................................................................. 2

Standard of Review ............................................................................................................. 5

Argument ............................................................................................................................. 8

I. BNY Cannot Satisfy the Stringent Requirements Necessary to Obtain a Stay Pending Appeal ...................................................................................................... 8

 A. BNY Cannot Show Irreparable Injury Absent a Stay ........................................... 9

 B. BNY Did Not and Cannot Show That There Is a Substantial Possibility That Its Appeal Will Succeed on the Merits ........................................................ 10

  1. BNY's Cannot Show a Substantial Possibility of Success on the Merits of Its Rule 19 Arguments ............................................................ 11

  2. BNY Cannot Show a Substantial Possibility of Success on the Merits of Its Comity Arguments ............................................................. 14

 C. A Stay Would Cause Substantial Injury to the Interests of LBSF, the English Courts, and the U.S. Courts ................................................................. 15

 D. The Public Interest Supports Denial of BNY's Request for a Stay .................... 16

Conclusion and Relief Requested ..................................................................................... 17

CASES

*ACC Bondholder Group v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.),*
  361 B.R. 337 (S.D.N.Y. 2007) ......................................................................................6, 7

*Bijan-Sara Corp. v. FDIC,*
  203 B.R. 358 (B.A.P. 2d Cir. 1996) ....................................................................................7

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.,*
  Nos. 08-CV-5606, 08-CV-8430, 2009 WL 1174802 (S.D.N.Y. Apr. 29, 2009) .............5, 6

*Coopers & Lybrand v. Livesay,*
  437 U.S. 463 (1978) ..........................................................................................................10

*Enron Corp. v. J.P. Morgan Secs., Inc. (In re Enron Corp.),*
  Nos. 03-92677, 03-92682, 2006 WL 2400411 (Bankr. S.D.N.Y. May 10, 2006) ..............8

*Enron Corp. v. Springfield Assocs., L.L.C. (In re Enron Corp.),*
  No. 01-16034, 2006 WL 2548592 (S.D.N.Y. Sept. 5, 2006) ...............................10, 11, 14

*FDIC v. Bank of N.Y.,*
  479 F.Supp.2d 1 (D.D.C. 2007), *aff'd,* 508 F.3d 1 (D.C. Cir. 2007) .................................13

*Hartigan v. Pine Lake Vill. Apartment Co. (In re Pine Lake Vill. Apartment Co.),*
  21 B.R. 395 (S.D.N.Y. 1982) ..............................................................................................5

*In re 1567 Broadway Ownership Assocs.,*
  202 B.R. 549 (S.D.N.Y. 1996) ............................................................................................7

*In re Baker,*
  No. 05-3487, 2005 WL 2105802 (E.D.N.Y. Aug. 31, 2005) .............................................7

*In re Crosswinds Assocs.,*
  No. 96 Civ. 4572, 1996 WL 350695 (S.D.N.Y. June 25, 1996) ........................................7

*In re Enron Creditors Recovery Corp.,*
  No. 01-16034, 2007 WL 2908197 (Bankr. S.D.N.Y. Oct. 4, 2007) ...................................7

*In re General Motors Corp.,*
  409 B.R. 24 (Bankr. S.D.N.Y. 2009) ...........................................................................1, 5, 7, 8

*In re Shenandoah Realty Partners, L.P.,*
  248 B.R. 505 (W.D. Va. 2000) ............................................................................................7

*In re Worldcom*,
No. M-47, 2003 WL 21498904 (S.D.N.Y. June 30, 2003)................................12

*Kappel v. Comfort*,
914 F.Supp. 1056 (S.D.N.Y. 1996)..................................................6

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (2d Cir. 1990)..........................................................10

*LBSF v. American Family Life Assurance Co.*,
Adversary Proceeding No. 01261 (JMP) ............................................11

*LaSala v. Needham & Co., Inc.*,
399 F.Supp.2d 421 (S.D.N.Y. 2005)..................................................6

*N. Fork Bank v. Abelson*,
207 B.R. 382 (E.D.N.Y. 1997) .......................................................12

*Mounce v. Wells Fargo Home Mortgage (In re Mounce)*,
No. 03-55022, 2008 WL 2714423 (Bankr. W.D. Tex. July 10, 2008) ...............8

*Republic of Philippines v. Pimentel*,
128 S.Ct. 2180 (2008)................................................................17

*Seneca Nation of Indians v. New York*,
383 F.3d 45 (2d Cir. 2004)...........................................................12

*Stern v. Bambu Sales, Inc.*,
201 B.R. 44 (E.D.N.Y. 1996) ........................................................9

*Triple Net Invs. IX, LP v. DJK Residential, LLC (In re DJK Residential, LLC)*,
No. 08-10375, 2008 WL 650389 (S.D.N.Y. Mar. 7, 2008).........................7

*Turner v. Frascella Enters., Inc. (In re Frascella Enters., Inc.)*,
388 B.R. 619 (Bankr. E.D. Pa. 2008) ...............................................8

*Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*,
312 F.3d 82 (2d Cir. 2002)....................................................12, 13, 14

*Volmar Distribs., Inc. v. N.Y. Post Co., Inc.*,
152 F.R.D. 36 (S.D.N.Y. 1993) .....................................................5

*Weber v. United States Tr.*,
484 F.3d 154 (2d Cir. 2007)..........................................................12

**STATUTES AND RULES**

28 U.S.C. §1292(b) ...........................................................................4, 10, 13, 14

FED. R. CIV. P. 12(b)(7) ......................................................................................2

FED. R. CIV. P. 19(b) ........................................................................................12

FED. R. BANKR. P. 8005 ......................................................................................5

**OTHER AUTHORITIES**

10 COLLIER ON BANKRUPTCY ¶ 8005.07 (15th ed. 2009) ..................................................6

Lehman Brothers Special Financing Inc. ("LBSF"), a debtor and debtor in possession in the above-captioned jointly administered chapter 11 case of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors," and collectively with its nondebtor affiliates "Lehman"), by and through undersigned counsel, hereby files this opposition in response to BNY Corporate Trustee Services Limited's ("BNY") motion to stay further proceedings pending disposition of its motion for leave to appeal the bankruptcy court's August 12, 2009 order denying BNY's motion for dismissal of complaint and pending any subsequent appeal.

## PRELIMINARY STATEMENT

Although this Court requested the opportunity to file a memorandum opinion should BNY seek to appeal its denial of BNY's motion to dismiss, BNY filed a motion for leave to appeal, disregarding that request, and now files a motion to stay these proceedings, seeking the same relief that this Court already denied—a stay of the U.S. proceedings. What BNY's motion to stay this adversary proceeding fails to address speaks volumes about why its motion should be denied. BNY's motion fails to address or satisfy the stringent criteria required to justify the extraordinary remedy of staying an ongoing judicial proceeding: that (1) it would suffer irreparable injury if the stay were denied, (2) there is a substantial possibility of success on the merits of its original motion for leave and any subsequent appeal, (3) other parties will suffer no substantial injury if the stay is granted, and (4) the public interest favors a stay. *In re General Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009). BNY's motion does not even address the first two factors, irreparable injury or substantial possibility of success on the merits, and it does not satisfy the remaining factors. But perhaps more telling is that BNY completely ignores all the events to date in which the English court, this Bankruptcy Court, and the parties have attempted to coordinate the proceedings in both courts. BNY called for this coordination, and

has assisted in those efforts along with LBSF. Granting BNY's motion to stay would thwart these efforts, interfering with the calendars of two courts. BNY's motion also disregards the importance of having this U.S. Bankruptcy Court decide novel issues of U.S. bankruptcy law. BNY continues to ignore the fact that the English court has expressed no intention of preventing a timely consideration of bankruptcy issues by this Court, but rather has given this Court time to consider them by adjourning its proceedings. Whether this is BNY's intent or not, a likely consequence of granting its motion would be an indefinite delay in the proceedings in this Court, which could cause the English court to reconsider its adjournment of proceedings and proceed to final judgment without the benefit of this Court's ruling on the U.S. bankruptcy law issues in this case.

Because BNY cannot satisfy the criteria for granting its motion for stay, and because a stay would interfere with the coordination sought by both courts and the parties, this Court should deny BNY's motion for a stay of proceedings pending its appeal and allow the case to go forward, in accordance with the decision of the bankruptcy court and the expectations of the English court.

### STATEMENT OF FACTS

LBSF will not repeat the facts relevant to the Saphir 2006-5 and 2004-11 transactions, and, instead, incorporates by reference its Statement of Facts contained in its Opposition to BNY's Motion for Leave to Appeal Order Denying Motion to Dismiss. LBSF Opp. to Mot. for Leave at 4-8 (Dkt. 55).

As previously discussed in LBSF's Opposition to Motion for Leave, on June 22, 2009, BNY moved to dismiss this action on several grounds, including: (1) failure to join Perpetual as a necessary and indispensable party under Federal Rule of Civil Procedure 12(b)(7) and 19, (2) *forum non conveniens*, and (3) abstention from adjudication in the interest of justice or on the

basis of comity.  In the alternative, BNY requested that the Court stay the LBSF action pending a determination of the Perpetual action by the English court.  BNY Mot. to Dismiss (Dkt. 16).

On July 28, 2009, the English court ruled that, according to English law, the Noteholder Priority provisions are valid, and held that BNY was entitled to indemnification from Perpetual. LBSF Surreply Mot. to Dismiss Ex. A ¶¶ 10, 56, 63, 65 (Dkt. 41).  The English court adjourned further determination relating to indemnification until after October 1, 2009 and noted that the adjournment "ought to give . . . the US Bankruptcy Court sufficient time to determine what [it] wish[es] to do in relation to these proceedings." *Id.* ¶ 63.  The English court also suggested coordination between the bankruptcy court and the English court, citing provisions of the UNCITRAL Model Law of Insolvency, and observed that the bankruptcy court may wish to make requests for assistance from the English court. *Id.* ¶¶ 59-63.  LBSF has appealed the English court's ruling.  BNY Mot. for Leave Decl. of E. Schaffer Ex. L.

On August 11, 2009, this Court heard extensive oral argument from both LBSF and BNY on BNY's motion to dismiss.  LBSF Opp. to Motion for Leave Ex. A.  After hearing the arguments, this Court ruled from the bench that, as a matter of law, Perpetual is not an indispensable party, *see id.* at 72:22-24, and it rejected BNY's argument that it cannot adequately represent the interests of Perpetual.  *Id.* at 68:20-25; 69:1-4; 70:14-22.  The court also announced that it understood the English court's *Perpetual* decision to "allow[ ] time for the U.S. Bankruptcy Court to hear, consider and determine issues that are unique to U.S. bankruptcy practice," *see id.* at 72:12-15, and stated its intention to coordinate its proceedings with the English court.  *Id.* at 72:12-21.  The next day, this Court issued its formal order and denied BNY's motion to dismiss.  *See* Order Den. Mot. to Dismiss (Dkt. 43).

Less than two weeks later, with the encouragement and assistance of both LBSF and BNY, this Court reached out to the English court by sending a letter formally requesting the coordination of the two actions. LBSF Opp. to Mot. for Leave Ex. B (Dkt. 55). In an August 20, 2009 letter, this Court wrote to Lord Morritt, Chancellor of the High Court of England, and highlighted its desire to encourage "communication and coordination between our Courts." *Id.* at 2. The Court outlined its August 2009 ruling in denying BNY's motion to dismiss and stated that it would now consider specific issues of U.S. bankruptcy law, including LBSF's motion for summary judgment. *Id.* This Court explained its fall 2009 briefing schedule and asked Lord Morritt "not to make any final disposition of the High Court Proceedings, with the exception of the indemnification issues, until this Court is able to consider and rule on the United States bankruptcy law issues raised in the summary judgment briefing." *Id.*

Four days after Judge Peck wrote to Lord Morritt, BNY moved for leave to permit interlocutory review of the bankruptcy court's denial of its motion to dismiss, challenging the court's rulings on two issues: whether Perpetual is a necessary and indispensable party under Rule 19 and whether the bankruptcy court should defer to the English court based on the principles of international comity. BNY Mot. for Leave (Dkt. 47).

On September 3, 2009, LBSF filed its Opposition to BNY's Motion for Leave to Appeal. LBSF Opp. to Mot. for Leave (Dkt. 55). In its Opposition, LBSF argued that neither the Rule 19 issues nor the comity issues can meet the 28 U.S.C. §1292(b) criteria for an interlocutory appeal, because: neither issue is "controlling," a reversal of either ruling is unlikely to materially advance the termination of the litigation, and the promotion of fair and just adjudication does not mandate review of either decision by the court. *Id.*

Now, BNY has chosen, yet again, to pursue an agenda of judicial delay by filing another motion before this Court. On September 1, 2009, BNY filed its motion to stay proceedings in this Court pending a ruling on its motion for leave to appeal and any subsequent appeal.

S<small>TANDARD OF</small> R<small>EVIEW</small>

The standard for this motion cited and adopted by BNY is not the standard actually employed by bankruptcy courts or district courts in the Southern District of New York when considering motions to stay proceedings pending a bankruptcy appeal. This fundamental error in its motion conceals the complete absence of any showing by BNY on certain mandatory elements for such a stay in bankruptcy court and the inadequacy of its showing on the others. As a threshold matter, although granting a stay pending an appeal lies directly within the discretion of the bankruptcy court, *see General Motors Corp.*, 409 B.R. at 30; F<small>ED.</small> R. B<small>ANKR.</small> P. 8005 (setting forth the procedure for a motion for stay pending an appeal and stating that such motion "must ordinarily be presented to the bankruptcy judge"), a stay pending appeal is an extraordinary remedy. *See Hartigan v. Pine Lake Vill. Apartment Co. (In re Pine Lake Vill. Apartment Co.)*, 21 B.R. 395, 398 (S.D.N.Y. 1982) ("A stay involves extraordinary relief and the discretion of the court.").

Examination of the case law cited by BNY highlights its error in proffering the wrong standard. Unlike a typical motion to stay a proceeding pending a bankruptcy appeal, BNY's motion failed to cite any bankruptcy cases for the standard to be applied to stay motions in bankruptcy court. The three cases it does cite for the standard are all in non-bankruptcy proceedings. *See* BNY Mot. for Stay at 3 (citing *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, Nos. 08-CV-5606, 08-CV-8430, 2009 WL 1174802, at *8 (S.D.N.Y. Apr. 29, 2009) (motion for stay of civil EPA proceedings pending resolution of several environmental appeals (quoting *Volmar Distribs., Inc. v. N.Y. Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)

5

(motion for stay of civil proceedings pending resolution of two criminal matters))) and *Kappel v. Comfort*, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996) (civil motion for stay of breach of contract case while a related suit was pending) and *LaSala v. Needham & Co., Inc.*, 399 F.Supp.2d 421, 427 (S.D.N.Y. 2005) (motion to stay civil securities fraud class action suit pending final approval of a preliminary class action settlement)).  BNY does cite one bankruptcy case, *In re Adelphia Communications Corp.*, for the proposition that Federal Rule of Bankruptcy Procedure 8005 sets forth the procedure for seeking a stay pending appeal of a bankruptcy court's order, but fails to cite that case's discussion on the same page of the proper standard to be applied in this context. BNY Mot. for Stay at 2-3 (citing *ACC Bondholder Group v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007)).

By citing only inapplicable cases for the standard, BNY incorrectly argues that this Court ought to employ the following five key factors in determining its Motion: "'(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interest of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *See* Mot. to Stay at 3 (citing *Catskill*, 2009 WL 1174802, at *8). However, this Court and other bankruptcy courts utilize a standard akin to the preliminary injunction standard in evaluation motions to stay proceedings pending appeal. 10 COLLIER ON BANKRUPTCY ¶ 8005.07 (15th ed. 2009).  In a July 2009 opinion, this Court ruled that its willingness to grant a stay hinges upon the movant's ability to satisfy the following preconditions:

> (1) it would suffer irreparable injury if stay were denied; (2) there is substantial possibility . . . of success on merits of movant's appeal; (3) other parties will suffer no substantial injury if stay is granted; and that (4) the public interest favors a stay.

*General Motors Corp.*, 409 B.R. at 30 (emphasis added.); s*ee also Bijan-Sara Corp. v. FDIC*, 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996) (applying same standard and denying stay, noting that the standard is "well-established"); *Adelphia*, 361 B.R. at 346 (applying same standard); *Triple Net Invs. IX, LP v. DJK Residential, LLC (In re DJK Residential, LLC)*, No. 08-10375, 2008 WL 650389, at *2 (S.D.N.Y. Mar. 7, 2008) (same); *General Motors Corp.*, 409 B.R. at 30 (same). The heavy burden lies squarely on the movant and requires "satisfactory evidence on all four criteria." *General Motors Corp.*, 409 B.R. at 30 (internal citations omitted); *Bijan-Sara*, 203 B.R. at 360; *see also In re Enron Creditors Recovery Corp.*, No. 01-16034, 2007 WL 2908197, at *5 (Bankr. S.D.N.Y. Oct. 4, 2007) (denying stay for failure to satisfy the requisite elements).

The most important factor, and the factor entirely absent from any discussion in BNY's Motion, *see* Mot. to Stay at 3-7, is proof of a likelihood of success on the merits. *In re Baker*, No. 05-3487, 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005). "If the harms strongly favor [the moving party], then the court need only find that [the moving party] has raised substantial and serious questions. If the harms are evenly balanced, [the moving party] must make a stronger showing of success on the merits." *In re Shenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000). Where, as here, the movant cannot make a strong showing of success on the merits, the Court need not even consider the remaining factors (all of which, in any event, also militate in favor of denying the requested relief). *See In re 1567 Broadway Ownership Assocs.*, 202 B.R. 549, 552-53 (S.D.N.Y. 1996) (denying stay for the failure to make a sufficient showing of success on the merits); *In re Crosswinds Assocs.*, No. 96 Civ. 4572, 1996 WL 350695, at *1 (S.D.N.Y. June 25, 1996) (same).

Because BNY's motion requests a stay of proceedings at two different points in the appellate process—a stay pending the court's consideration of its motion to grant leave to appeal

and a stay while the court considers the actual appeal—BNY must demonstrate its likelihood of success at two points. First, BNY must establish its success on the merits of its motion for leave to appeal. *Enron Corp. v. J.P. Morgan Secs., Inc. (In re Enron Corp.)*, Nos. 03-92677, 03-92682, 2006 WL 2400411, at *1 (Bankr. S.D.N.Y. May 10, 2006) (stating that "the relevant 'possibility of success' is the possibility that the District Court will grant the Defendants' leave to file an interlocutory appeal, not the possibility that the Defendants will succeed on the merits of that appeal"); *see also Mounce v. Wells Fargo Home Mortgage (In re Mounce)*, No. 03-55022, 2008 WL 2714423, at *2 (Bankr. W.D. Tex. July 10, 2008) ("Wells Fargo must first establish the likelihood that its appeal will even be permitted, given that it is interlocutory."); *Turner v. Frascella Enters., Inc. (In re Frascella Enters., Inc.)*, 388 B.R. 619, 623 (Bankr. E.D. Pa. 2008) (stating that the likelihood of success prong concerns the likelihood that the court will grant leave to file an appeal). Second, if BNY succeeds in establishing its success on the merits of its motion for leave, then it must show its likelihood of success on the merits of the underlying appeal. *See Mounce*, 2008 WL 2714423, at *2 (stating that once the movant shows its likelihood of success that the appeal will be permitted, it "must establish its likelihood of success on the *underlying* merits of its appeal" (emphasis in original)).

ARGUMENT

I. **BNY CANNOT SATISFY THE STRINGENT REQUIREMENTS NECESSARY TO OBTAIN A STAY PENDING APPEAL.**

BNY cannot satisfy any of the requirements to obtain a stay, either pending the district court's ruling on its motion for leave to appeal, or during any subsequent appeal if BNY's motion for leave is granted. BNY has not even argued two of the factors—that it would suffer irreparable injury if stay were denied or that there is substantial possibility of success on merits of its motion for leave and any appeal. *General Motors Corp.*, 409 B.R. at 30. Nor can BNY

demonstrate that LBSF will not suffer any substantial injury if the stay is granted or that the public interest favors a stay. *Id.*

A. **BNY Cannot Show Irreparable Injury Absent a Stay.**

BNY fails to argue that it will suffer irreparable injury if a stay is not granted. Its failure to address this factor alone dooms BNY's motion. *See, e.g.*, *Stern v. Bambu Sales, Inc.*, 201 B.R. 44, 46 (E.D.N.Y. 1996) (denying party's motion for a stay of proceedings pending appeal of bankruptcy court's denial of abstention motion given party's failure to show irreparable injury). Nor do BNY's claimed interests and burdens justify staying this matter pending resolution of BNY's appeal. BNY contends that, absent a stay, it is in danger of conflicting orders, but it does not contend that this "theoretical risk," as this Court described it, constitutes irreparable harm. LBSF Opp. to Mot. for Leave Ex. A at 73:5-9 (Dkt. 55); BNY Mot. for Stay at 4. In fact, BNY concedes that any inconsistencies between this and the English action can be reconciled by coordinating the proceedings. BNY Mot. for Stay at 4. This Court has already initiated this coordination, with BNY's assent and participation. *See, e.g.*, LBSF Opp. to Mot. for Leave Ex. B (Letter from J.M. Peck to R.A. Morritt, Aug. 20, 2009) (Dkt. 55). And, for this to even become an issue, this Court would have to make a decision on summary judgment prior to a final decision on BNY's appeal. Given that the briefing schedule for summary judgment is not complete until November 9, 2009, with a hearing to be held on November 16, 2009, there is little risk that BNY will be subject to conflicting rulings on summary judgment prior to resolution of its motion for leave to appeal. Any burden on BNY at this point is speculative and premature.

But, regardless of the speed with which the district court may decide BNY's motion and any subsequent appeal, the resolution will be the same. As described below, *see* Part I.B *infra*, BNY's appeal is meritless and meets none of the eligibility criteria for a discretionary grant of leave for interlocutory appeal. Given the obvious weaknesses of BNY's arguments, BNY cannot

and does not contend that it would be irreparably harmed if this case goes forward during the interval between this Court's order denying the motion to dismiss and the district court's ruling on BNY's motion for leave and any subsequent appeal.

**B.    BNY Did Not and Cannot Show That There Is a Substantial Possibility That Its Appeal Will Succeed on the Merits.**

BNY did not argue, much less prove, that it will succeed on the merits of the appeal. However, even had BNY invoked the correct standard and discussed its likelihood of success on the merits, it would not prevail.

First, BNY cannot show that there is a substantial probability of success on its motion for leave to appeal this Court's interlocutory order denying its motion to dismiss. Interlocutory appeal of a non-final bankruptcy court order is permitted, at the court's discretion, if the order being appealed "(1) involve[s] a controlling question of law (2) over which there is substantial ground for difference of opinion," and the movant shows that "(3) an immediate appeal would materially advance the ultimate termination of the litigation." *Enron Corp. v. Springfield Assocs., L.L.C. (In re Enron Corp.)*, No. 01-16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006); 28 U.S.C. §1292(b); LBSF Opp. to Mot. for Leave at 10-13 (Dkt. 55). The movant seeking interlocutory review must demonstrate "exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Enron*, 2006 WL 2548592, at *3 (internal quotations omitted); *see also Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)) ("[O]nly 'exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'").

BNY has not satisfied the requirements for leave to appeal, much less established that any exceptional circumstances exist to warrant a departure from the normal policy of postponing appeals until a final judgment is entered. Thus there is no substantial possibility that its appeal of this Court's order will succeed and a stay is inappropriate. However, even if BNY's motion for leave is granted, BNY cannot prove a substantial possibility of success on either its Rule 19 or international comity issues.

1. **BNY's Cannot Show a Substantial Possibility of Success on the Merits of Its Rule 19 Arguments.**

BNY cannot show that there is a substantial possibility of success on its motion for leave to appeal this Court's denial of its motion to dismiss under Rule 19 for failure to join Perpetual in this litigation. Under §1292, a party seeking leave to appeal a non-final bankruptcy court order must show that the order contains "a controlling question of law" that "the reviewing court could decide quickly and cleanly without having to study the record," *Enron*, 2006 WL 2548592, at *4 (citing *In re Worldcom*, No. M-47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). A controlling issue of law is one where (1) "reversal of the bankruptcy court's order would terminate the action," or (2) "determination of the issue on appeal would materially affect the litigation's outcome." *Enron*, 2006 WL 2548592, at *4. The Rule 19 issue as to whether Perpetual is a necessary and indispensable party cannot, as BNY incorrectly maintains, be "quickly and cleanly" decided because resolution of that question would require review of the complex transaction documents in this case, as well as the English court pleadings and the related adversary proceeding in *LBSF v. American Family Life Assurance Co.*, Adversary Proceeding No. 01261 (JMP), in which BNY is litigating identical legal issues in its capacity as trustee for Aflac. These added layers of complexity invalidate BNY's argument that the

reviewing court could decide the Rule 19 issue quickly and cleanly without having to study the record.  *See id.*

Section 1292 further requires that the order present a question upon which there is "substantial ground for difference of opinion."  *Weber v. United States Tr.*, 484 F.3d 154, 159 (2d Cir. 2007).  "For there to be substantial grounds for difference of opinion regarding an issue, it must involve more than strong disagreement between the adversary parties."  *N. Fork Bank v. Abelson*, 207 B.R. 382, 390 (E.D.N.Y. 1997) (internal quotation marks omitted).  A grant of leave to appeal the bankruptcy court's denial of BNY's motion to dismiss is appropriate only if there is "a genuine doubt as to whether the [court] applied the correct legal standard."  *In re Worldcom, Inc.*, 358 B.R 76, 79 (S.D.N.Y. 2006).  It is not open for doubt, however, that this Court correctly applied Rule 19 and denied BNY's motion to dismiss.

Even were Perpetual found to be a necessary party under Rule 19, dismissal is not appropriate unless the absent party is indispensable and joinder is not feasible.  *Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 86 (2d Cir. 2002).  As LBSF established in its opposition and this Court agreed, BNY will effectively represent Perpetual's interests in this litigation and Perpetual is not an indispensable party under Rule 19.

To determine whether a party is indispensable, courts examine  (i) the extent to which a judgment rendered in the person's absence might be prejudicial to the person or those already parties, the extent to which such prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or other measures; (ii) whether a judgment rendered in the person's absence would be adequate; and (iii) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  FED. R. CIV. P. 19(b); *Seneca Nation of Indians v. New York*, 383 F.3d 45, 48 (2d Cir. 2004).  If these factors are met such that "in equity and good

conscience" the suit cannot proceed in the absence of a necessary party, dismissal is appropriate. *Universal Reinsurance*, 312 F.3d at 86.

Perpetual's interest will not be prejudiced if it is not joined and LBSF and BNY proceed with this litigation. Courts have concluded that noteholders are not necessary parties where their trustee is present in the litigation. *FDIC v. Bank of N.Y.*, 479 F.Supp.2d 1, 10 (D.D.C. 2007), *aff'd*, 508 F.3d 1 (D.C. Cir. 2007) (rejecting Bank of New York's argument that noteholders were necessary parties because BNY as trustee could adequately represent their interests). The Principal Trust Deed requires BNY to represent Perpetual's interests and to "have regard solely to the interests of the Noteholders." LBSF Mot. for Summ. J. Ex. A at 94 (Dkt. 6); *Id.* Ex. B at 88.

BNY argues that it is obligated only to do so if it has an indemnity from Perpetual, but, as BNY urged it to do, the English court has ruled that BNY is entitled to such an indemnity. What is more, as this Court recognized at the hearing on BNY's motion to dismiss, even if BNY "sits on its hands" in this case, LBSF Opp. Mot. for Leave Ex. A at 70:4 (Dkt. 55), it will nevertheless represent Perpetual's interest as noteholder, because BNY is trustee for the noteholder Aflac in the related adversary proceeding raising identical claims involving substantially similar transactions that are likewise part of the Dante series of transactions. *Id.* at 70:8-10. If BNY will, in the Aflac proceedings, be presenting legal arguments that represent Perpetual's interests, then Perpetual will not be prejudiced by its absence from this case. There is thus no substantial ground for difference of opinion as to whether Perpetual is an indispensable party under Rule 19.

BNY also provided no substantial support for the premise that an immediate interlocutory appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). An interlocutory appeal materially advances the ultimate termination of the litigation if it

"promises to advance the time for trial or shorten the time required for trial." *Enron*, 2006 WL 2548592, at *4. BNY has not shown that Perpetual cannot be joined as a party, and if this case is reversed on appeal, a remand for further proceedings would be required given that Rule 19 requires that the bankruptcy court first determine whether Perpetual can be joined before dismissing the complaint. *Universal Reinsurance*, 312 F.3d at 86. Rather than advancing the ultimate termination of the litigation, granting an interlocutory appeal would unnecessarily protract the litigation, not only in the U.S. proceedings below, but also in the English proceedings, in which the English court is awaiting a decision by the bankruptcy court on the U.S. bankruptcy law issues raised in the litigation.

Even if the district court were to grant BNY's motion for leave to appeal, BNY has not even argued that there is a substantial possibility that it will succeed on the merits of any appeal. This Court correctly denied BNY's motion to dismiss on Rule 19 grounds, as discussed above and in LBSF's opposition to BNY's motion for leave to appeal. *See* LBSF Opp. to Mot. for Leave at 10-21 (Dkt. 55).

### 2. BNY Cannot Show a Substantial Possibility of Success on the Merits of Its Comity Arguments.

Again, BNY makes no attempt to prove that it has a substantial possibility of success on the merits of its appeal on the comity issues. But even if BNY had attempted to satisfy this factor, BNY cannot do so because BNY cannot even demonstrate that an interlocutory appeal is warranted under the §1292(b) factors. As demonstrated in LBSF's Opposition to BNY's Motion for Leave to Appeal, BNY cannot establish the §1292(b) factors because (1) the comity issue cannot be determined quickly and cleanly by the reviewing court because it requires an examination of not only the record and the complex transactions in this case, but also that of the English court; (2) there is not a substantial ground for difference of opinion regarding the

correctness of this Court's ruling on the comity issue; and (3) an immediate appeal on the comity issue will not materially advance the termination of the litigation because a remand may be required if BNY succeeds on appeal given the Bankruptcy Court's sound discretion to determine motions to dismiss on comity grounds. *Se*e LBSF Opp. to Mot. for Leave at 2-3, 23-27.

Even assuming BNY succeeds in having its motion for leave to appeal granted, it has failed to establish that there is a substantial probability of success on the merits of its appeal on international comity grounds. The Court correctly denied BNY's motion to dismiss or alternatively to stay the proceedings given that this Court is the only appropriate forum to decide complex and novel U.S. bankruptcy law issues that the English court has expressed no intention of deciding. As the Court well knows, the English court has only decided issues of English contract law and has adjourned its proceedings, giving this Court time to consider the U.S. bankruptcy law issues in this case. BNY's request for stay after it requested coordination with the English court and assisted in the preparation of the letter this Court sent to the English court utterly ignores the attempts by both courts to respect the other court's jurisdiction and permit the other court to determine the issues before it. BNY's requested stay would interfere with, rather than assist, the principles of international comity.

## C.   A Stay Would Cause Substantial Injury to the Interests of LBSF, the English Courts, and the U.S. Courts.

LBSF, on the other hand, will suffer substantial injury should BNY's motion for a stay be granted. LBSF is entitled to the protections of U.S. bankruptcy law with respect to the property of the estate. The longer it takes before a U.S. court rules on the application of the U.S. Bankruptcy Code to the underlying transaction documents, the more likely it will be that the English court will issue a final judgment implicating the property of the Debtor, without the benefit of the U.S. court's ruling on that question. Although this Court and the English court

have begun to coordinate proceedings, the English court has not granted a stay pending resolution of BNY's motion for leave. Delay in resolving how U.S. bankruptcy law affects LBSF's rights—potentially pushing a final decision to 2010—could deny LBSF the opportunity to have its rights under U.S. bankruptcy law protected merely as a result of procedural maneuvers by BNY. Such delay strands LBSF and BNY in limbo, for not until courts on both sides of the Atlantic have applied the law of their respective nations can the full scope of legal issues presented in this case be definitively resolved.

The interest of the courts themselves would be undermined should this case be stayed as BNY requests. This Court denied BNY's motion to dismiss including its alternative request for a stay. *See* LBSF Opp. to Mot. for Leave Ex. A at 73:10-11 (Dkt. 55). BNY characterizes this as "failure to grant an appropriate stay." Mot. for Stay at 1. But staying this litigation would adverse affect this Court's ability to coordinate proceedings with the English court and may potentially deprive the English court of the benefit of this Court's interpretation of U.S. law. It would harm, rather than further, the interests of international comity if this Court were to stay its proceedings indefinitely while BNY's motion for leave is being determined and during the pendency of any appeal.

The litigants in the English proceeding would also be burdened if this action is stayed. This court has requested that the English court delay its proceedings until a summary judgment ruling can be made. The litigants in that case cannot wait indefinitely while BNY delays resolution of this case and thus delays the English action.

### D. The Public Interest Supports Denial of BNY's Request for a Stay.

The reason so many litigants and proceedings will be affected by delay in the resolution of this action is that the legal issue before this Court—the effect of the safe harbors in the U.S. Bankruptcy Code on the enforceability of alleged *ipso facto* clauses—is presented not only in

this case but in others inside the Lehman bankruptcy, and cannot be properly resolved by a foreign court. BNY correctly notes that "[t]he public, as well as the courts, has an interest in efficient and complete adjudication of disputes." Mot. for Stay at 6 (citing *Republic of Philippines v. Pimentel*, 128 S.Ct. 2180, 2193 (2008)). But until a U.S. bankruptcy court has the opportunity to rule on the application of U.S. law to these contractual provisions, the dispute at hand will not be completely adjudicated. A stay of this case would thus undermine the public interest in a speedy resolution of this important legal question.

### CONCLUSION AND RELIEF REQUESTED

For all of the foregoing reasons, LBSF requests that the Court deny BNY's motion to stay further proceedings pending resolution of its motion for leave to appeal the order denying BNY's motion to dismiss and pending any appeal. LBSF also requests any other relief to which it is entitled.

Respectfully submitted,

*/s/ Ralph I. Miller*
Ralph I. Miller
Peter Gruenberger
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Dated: New York, New York
September 10, 2009