ORIGINAL Doc # 91

U.S. DISTRICT COURT
FILED
OCT 1 4 2009
S.D. OF N.Y.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
In re LEHMAN BROTHERS            :
HOLDINGS, INC. et al.,           :    Chapter 11 Case
                                 :    No. 08-13555 (JMP)
                                 :    Jointly Administered
                 Debtors.        :
---------------------------------:    Adv. Pro. No. 09-01242
LEHMAN BROTHERS SPECIAL          :    (JMP)
FINANCING INC.,                  :
                                 :    District Court
                 Plaintiff,      :    Case No. M47-   (VM)
                                 :
                                 :    DECISION AND ORDER
     -  against  -               :
                                 :
BNY CORPORATE TRUSTEE            :
SERVICES LIMITED,                :
                                 :
                 Defendant.      :
---------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

BNY Corporate Trustee Services Limited ("BNY") moves pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8003(a) for leave to appeal the Bankruptcy Court's order, dated August 12, 2009, denying BNY's motion to dismiss the complaint in an adversary proceeding before the Bankruptcy Court (the "Adversary Proceeding"). BNY argued in the motion to dismiss that the absence of a non-party who was an indispensable party under Federal Rule of Civil Procedure 19 ("Rule 19") and international comity principles required dismissal of the Adversary Proceeding. For the reasons stated below, the request for leave to appeal is DENIED.

OCT 15 2009 –9 AM

## I. BACKGROUND

Lehman Brothers Special Financing, Inc. ("LBSF") filed the underlying Adversary Proceeding against BNY, seeking a declaratory judgment that (1) certain contractual provisions relating to the priority of payment on two notes violate the Bankruptcy Code and are unenforceable, and (2) attempts to enforce these provisions would violate the automatic stay under 11 U.S.C. § 362(a). The Adversary Proceeding concerns the priority of payment on approximately $70 million in notes, as between LBSF and Perpetual Trustee Company Limited ("Perpetual"). BNY holds the collateral for the notes.

BNY contends that the priority of payment issue was litigated once before in an action filed by Perpetual in an English court one week before the Adversary Proceeding was filed in the Bankruptcy Court; that LBSF, Perpetual, and BNY were parties to that action; and that the English court conducted a three-day trial after which it entered a judgment finding that the contested contractual provisions were valid and enforceable under English law.

BNY filed a motion to dismiss on June 22, 2009, arguing that Rule 19 and principles of international comity required the dismissal of the Adversary Proceeding. The Bankruptcy Court held a hearing on August 11, 2009, and issued its order denying the motion to dismiss on August 12, 2009. BNY now

seeks leave to appeal this non-final order.

## II. **DISCUSSION**

Parties before the Bankruptcy Court have a limited right to appeal non-final bankruptcy orders under 28 U.S.C. § 158(a)(3). See Enron Corp. v. Springfield Assocs., L.L.C. (In re Enron Corp.), No. 01-16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006). District courts apply the standard for considering interlocutory appeals from district courts to courts of appeals articulated in 28 U.S.C. § 1292(b) ("§ 1292(b)") when faced with a request for leave to appeal a non-final order of the Bankruptcy Court. See id.

An interlocutory appeal of a non-final order is permitted under § 1292(b) if (1) the "order involves a controlling question of law"; (2) "there is a substantial ground for difference of opinion" on that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b); see also Enron, 2006 WL 2548592, at *3.

Courts require that parties seeking leave to file an interlocutory appeal demonstrate "exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Enron, 2006 WL 2548592, at *3 (internal quotation marks and

-3-

citations omitted).

A. <u>CONTROLLING QUESTION OF LAW</u>

A controlling question of law is "a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." <u>Id.</u> at *4 (quoting <u>In re Worldcom</u>, No. M-47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). The question on the interlocutory appeal "must also be 'controlling' in the sense that reversal of the bankruptcy court's order would terminate the action," or determination of the question "would materially affect the litigation's outcome." <u>Id.</u>

The Court finds that the underlying motion to dismiss under Rule 19 does not present a controlling question of law that supports an interlocutory appeal in this action. Rule 19 addresses the required joinder of parties, and provides that when a required party cannot be joined, "the court must determine whether, in equity or good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). A determination that must be made "in equity or good conscience" cannot be characterized as a question of law that could be "decided quickly and cleanly without having to study the record." <u>Enron</u>, 2006 WL 2548592, at *4 (quoting <u>Worldcom</u>, 2003 WL 21498904, at *10). Rule 19 specifies that courts should consider the following

factors when determining whether the action should be dismissed: (1) prejudice resulting from a judgment; (2) the potential for lessening any prejudice; (3) the adequacy of a judgment rendered in the absence of the required party; and (4) the adequacy of the plaintiff's remedy if the action were dismissed. These factors are not the kind involved in determining a "pure question of law," and it is simply not possible to consider issues of prejudice or the adequacy of a judgment or remedy for the plaintiff without delving into the record.

Nor does a motion to dismiss based on international comity principles present a controlling question of law supporting an interlocutory appeal. "The decision to grant comity is a matter within a court's discretion and the burden of proof to establish its appropriateness is on the moving party." In re Perry H. Koplik & Sons, Inc., 377 B.R. 69, 75 (S.D.N.Y. 2007) (citing Allstate Life Ins. Co. v. Linter Group Ltd., 994 F.2d 996, 999 (2d Cir. 1993)). "Comity will be granted to the decision or judgment of a foreign court if it is shown that the foreign court is a court of competent jurisdiction, and that the laws and public policy of the forum state and the rights of its residents will not be violated." Cunard S.S. Co. Ltd. v. Salen Reefer Services AB, 773 F.2d 452, 457 (2d Cir. 1985) (citations omitted).

Here, the Bankruptcy Court characterized the decision rendered in the action in the English court as "allowing time for the U.S. Bankruptcy Court to hear, consider and determine issues that are unique to U.S. bankruptcy practice." (Transcript of August 11, 2009 hearing, at 72.) The Bankruptcy Court determined, based on its knowledge of the record, the relationships of the parties and the British action, that principles of international comity did not require the adversary proceeding to be dismissed, and that the Bankruptcy Court should adjudicate the issues relating to United States bankruptcy law. This Court cannot review the Bankruptcy Court's determination regarding comity without performing the same careful study of the record, the relationships of the parties and the British action performed by the Bankruptcy Court, and thus cannot conclude that the appeal presents a controlling question of law.

Because the Court finds that there is no controlling question of law that would be appropriate to consider on an interlocutory appeal, BNY's request for leave to file an interlocutory appeal is DENIED.

### III. ORDER

For the reasons described above, it is hereby

**ORDERED** that the motion (Docket No. 73) of the defendant

in the underlying adversary proceeding, BNY Corporate Trustee Services Limited ("BNY"), for leave to appeal the Order of the Bankruptcy Court dated August 12, 2009 denying BNY's motion to dismiss, is DENIED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         8 October 2009

_____
Victor Marrero
U.S.D.J.