# EXHIBIT D

# Appellant's notice
## (All appeals except small claims track appeals)

| For Court use only | |
|---|---|
| Appeal Court Ref. No. | 2009/1794 |
| Date filed | 17·AUG·09 |



SEAL
17 AUG 2009

Notes for guidance are available which will help you complete this form. Please read them carefully before you complete each section.

## Section 1 — Details of the claim or case you are appealing against

Claim or Case no.  HC09C01612 & HC09C01931

Name(s) of the  ☒ Claimant(s)   ☐ Applicant(s)   ☐ Petitioner(s)

Perpetual Trustee Company Limited
Belmont Park Investments Pty Limited & Ors

Name(s) of the  ☒ Defendant(s)   ☐ Respondent(s)

BNY Corporate Trustee Services Limited
Lehman Brothers Special Financing Inc

Details of the party appealing ('The Appellant')
Name

Lehman Brothers Special Financing Inc

Address (including postcode)

745 Seventh Avenue
New York
NY 10019
USA

| Tel No. | |
| Fax | |
| E-mail | |

Details of the Respondents to the appeal
Name

Perpetual Trustee Company Limited  and  Belmont Park Investments Pty Limited & Ors

Address (including postcode)

Perpetual Trustee Company Limited
Level 12, Angel Place
123 Pitt Street, GPO 4172
Sydney NSW 2001
Australia
Belmont Park Investments Pty Limited & Ors
Level 6, 241 Adelaide Street
Brisbane
Queensland 400
Australia

| Tel No. | |
| Fax | |
| E-mail | |

Details of additional parties (if any) are attached   ☐ Yes   ☐ No

N161 Appellant's notice (July 2006)                          Crown Copyright. Reproduced by Sweet & Maxwell Ltd

## Section 2    Details of the appeal

From which court is the appeal being brought?

- [ ] The County Court at

  [                                                                 ]

- [ ] High Court District Registry at

  [                                                                 ]

- [x] The Royal Courts of Justice

- [ ] Other (please specify)

  [                                                                 ]

What is the name of the Judge whose decision you want to appeal?

| Mr Justice Andrew Morritt, CVO, The Chancellor of the High Court |

What is the status of the Judge whose decision you want to appeal?

- [ ] District Judge or Deputy
- [ ] Circuit Judge or Recorder
- [ ] Master or Deputy
- [x] High Court Judge or Deputy

What is the date of the decision you wish to appeal?

| 28 July 2009 |

To which track, if any, was the claim or case allocated?

- [ ] Fast track
- [x] Multi track
- [ ] Not allocated to a track

Nature of the decision you wish to appeal

- [ ] Case management decision
- [ ] Grant or refusal of interim relief
- [x] Final decision
- [ ] A previous appeal decision

## Section 3  Legal representation

Are you legally represented?    ☒ Yes   ☐ No
If 'Yes', please give details of your solicitor below

Your solicitor's name

Weil, Gotshal & Manges

Your solicitor's address (including postcode)

| One South Place London EC2M 2WG | | |
|---|---|---|
| | Tel No. | +44 20 7903 1000 |
| | Fax | +44 20 7903 0990 |
| | E-mail | matthew.shankland@weil.com |
| | DX | 124402 LONDON/CITY |
| | Ref. | MS/GB/58399.0003 |

Are you, the Appellant, in receipt of a Legal Aid Certificate or a Community Legal Service Fund (CLSF) certificate?    ☐ Yes   ☒ No

Is the respondent legally represented?    ☒ Yes   ☐ No
If 'Yes', please give details of the respondent's solicitor below

The respondents' solicitors' addresses (including postcode)

|  | | Sidley Austin | Lawrence Graham |
|---|---|---|---|
| For Perpetual: Sidley Austin LLP<br>Woolgate Exchange<br>25 Basinghall Street<br>London EC2V 5HA<br><br>For Belmont: Lawrence Graham LLP<br>4 More London Riverside<br>London SE1 2AU | Tel No. | 020 7560 3600 | 020 7379 0000 |
| | Fax | 020 7426 7937 | 020 7379 6854 |
| | E-mail | | |
| | DX | | 132076 London Bridge 4 |
| | Ref. | REP/SJF/41442-30020 | JXC/VYB/J148/1 |

## Section 4  Permission to appeal

Do you need permission to appeal?    ☒ Yes   ☐ No

Has permission to appeal been granted?

☒ **Yes**

Date of order granting permission

28 July 2009

Name of Judge granting permission

Chancellor of the High Court

☐ **No**

the Appellant('s solicitor) seek permission to appeal.

## Section 5 — Other information required for the appeal

Please set out the order (or part of the order) you wish to appeal

> From the Perpetual Order
> 2.   In respect of each of Notes Series identified in Appendix II:
>
> (3)   That clause 6.2 of the Principal Trust Deed and clause 5.5 of the Supplemental Trust Deed (in each case as identified in Appendix II) are valid, effective and enforceable under English law as the proper law of such contracts so as to give effect to Noteholder Priority (as defined at clause 6.2(iii) of the Principal Trust Deed).
>
> And from the Belmont Order
>
> 2.   In respect of each Notes Series identified in Appendix 3 (other than in respect of (1) and (2) below...
>
> (3)   Clause 6.2 of the Principal Trust Deed, clause 5.5 of the Supplemental Trust Deed and paragraph 44 of the Series Prospectus, (in each case as identified in Appendix 3) are valid, effective and enforceable under English law as the proper law of such contracts so as to give effect to Noteholder Priority (as defined therein)

| | | |
|---|---|---|
| Does your appeal include any issues arising from the Human Rights Act 1998? | ☐ Yes | ☒ No |
| Are you asking for a stay of execution of any judgment against you? | ☐ Yes | ☒ No |
| | | If **'Yes'** you must complete **Part A of Section 8** |
| Have you lodged this notice with the court within 21 days of the date on which the Judge made the decision you wish to appeal? | ☒ Yes | ☐ No |
| | | If **'No'** you must complete **Part B of Section 8** |
| Are you making any other applications? | ☒ Yes | ☐ No |
| | | If **'Yes'** you must complete **Part C of Section 8** |

## Section 6 — Grounds for appeal and arguments in support

Please state, in numbered paragraphs, **on a separate sheet** attached to this notice and entitled 'Grounds of Appeal' (also in the top right hand corner add your claim or case number and full name), why you are saying that the Judge who made the order you are appealing was wrong.

☒ The arguments (known as a 'Skeleton Argument') in support of the 'Grounds of Appeal will follow within 14 days of filing this Appellant's Notice

**OR**

☐ The arguments (known as a 'Skeleton Argument') in support of the 'Grounds of Appeal' are set out on **a separate sheet** and attached to this notice.

## Section 7  What are you asking the Appeal Court to do?

I am asking the appeal court to:-
(please tick the appropriate box)

☐ set aside the order which I am appealing

☒ vary the order which I am appealing and substitute the following order. Set out in the following space the order you are asking for:-

> It is declared that Clause 6.2 of the Principal Trust Deed, clause 5.5 of the Supplemental Trust Deed and paragraph 44 of the Series Prospectus are invalid, ineffective and unenforceable under English law as the proper law of such contracts, and that Swap Counterparty Priority rather than Noteholder Priority (as previously defined) should be given effect to.

☐ order a new trial

## Section 8  Other applications

Complete this section **only** if you are asking for orders **in addition** to the order asked for in Section 7.

### Part A
I apply for a stay of execution because:

### Part B

☐ I do not need an extension of time for filing my appeal notice because it has been filed within the extended time granted by the Judge whose decision I am appealing.

**OR**

☐ I apply for an extension of time for filing my appeal notice because (set out the reasons for the delay. You must also set out in Section 9 what steps you have taken since the decision you are appealing).

### Part C
I apply for an order that:

> The hearing of the appeal be expedited.

because

> The Chancellor directed that the Appellant apply for an order that the hearing of the appeal be expedited at the same time as it filed its Appellant's Notice.
>
> In granting permission to appeal, the Chancellor held that:
> 1. This issue was fundamental and logically prior to all the other issues in the case. Until this issue is determined it would be uncertain whether the other issues before the Court need to be determined.
>
> 2. Until this issue is determined, it would be unclear to the United States' Bankruptcy Court, Southern District of New York (where there are other proceedings pending) what the position was in relation to the proper law of the contract by which these documents and transactions are governed. Only then could that Court finally determine what sort of request of requests it would wish this Court to consider in relation to the insolvency of the Appellant.

# Section 9   Evidence in support

In support of my application(s) in Section 8, I wish to rely upon the following evidence:

The decision of the Chancellor granting permission to appeal.

## Statement of Truth

The appellant believes that the facts stated in this section are true.

| Full name | GEMMA BULLMORE |
|---|---|

| Name of appellant's solicitor's firm | WEIL, GOTSHAL & MANGES |
|---|---|

| signed | *[signature: Bullmore]* | position or office held | Associate |
|---|---|---|---|

Appellant ('s solicitor)            (if signing on behalf of firm or company)

# Section 10  Supporting documents

To support your appeal you should file with this notice all relevant documents listed below. To show which documents you are filing, please tick the appropriate boxes.

If you do not have a document that you intend to use to support your appeal complete the box over the page.

- [x] two additional copies of your appellant's notice for the appeal court;
- [x] one copy of your appellant's notice for each of the respondents;
- [ ] one copy of your skeleton argument for each copy of the appellant's notice that is filed;
- [x] a sealed *(stamped by the court)* copy of the order being appealed;
- [x] a copy of any order giving or refusing permission to appeal, together with a copy of the Judge's reasons for allowing or refusing permission to appeal;
- [ ] any witness statements or affidavits in support of any application included in the appellant's notice;
- [ ] a copy of the order allocating the case to a track *(if any)*; and
- [ ] a copy of the legal aid or CLSF certificate *(if legally represented)*.

A bundle of documents for the appeal hearing containing copies of all the papers listed below:-

- [ ] a sealed copy *(stamped by the court)* of your appellant's notice;
- [ ] a sealed copy *(stamped by the court)* of the order being appealed;
- [ ] a copy of any order giving or refusing permission to appeal, together with a copy of the judge's reasons for allowing or refusing permission to appeal;
- [ ] any affidavit or witness statement filed in support of any application included in the appellant's notice;
- [ ] a copy of the skeleton argument;
- [ ] a transcript or note of judgment, and in cases where permission to appeal was given by the lower court or is not required those parts of any transcript of evidence which are directly relevant to any question at issue on the appeal;
- [ ] the claim form and statements of case (where relevant to the subject of the appeal);
- [ ] any application notice (or case management documentation) relevant to the subject of the appeal;
- [ ] in cases where the decision appealed was itself made on appeal (eg from district judge to circuit judge), the first order, the reasons given and the appellant's notice used to appeal from that order;
- [ ] in the case of judicial review or a statutory appeal, the original decision which was the subject of the application to the lower court;
- [ ] in cases where the appeal is from a Tribunal, a copy of the Tribunal's reasons for the decision, a copy of the decision reviewed by the Tribunal and the reasons for the original decision and any document filed with the Tribunal setting out the grounds of appeal from that decision;
- [ ] any other documents which are necessary to enable the appeal court to reach a decision; and
- [ ] such other documents as the court may direct.

Reasons why you have not supplied a document and date when you expect it to be available:-

| Title of document and reason not supplied | Date when it will be supplied |
|---|---|
| Skeleton Argument – to be filed 14 days after the Appellant Notice (52 PD 5.9(2)) | 1 September 2009 (31 August 2009 is a bank holiday) |
| Bundle of documents for the appeal hearing to be filed with the Skeleton Argument. | 1 September 2009 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Signed  *[signature]*  Appellant('s Solicitor)

## Grounds of Appeal

1. In these Grounds of Appeal, Lehman BSF adopts the abbreviations used in the Judgment and relevant contractual documents.

2. Lehman BSF appeals, with the permission of the Judge, against the Judge's declaration in paragraph 2(3) of each of the Orders that:

   > "Clause 6.2 of the Principal Trust Deed, clause 5.5 of the Supplemental Trust Deed and paragraph 44 of the Series Prospectus, (in each case as identified in Appendix 3) are valid, effective and enforceable under English law as the proper law of such contracts so as to give effect to Noteholder Priority (as defined therein)."

   (Belmont Order)

   > "That clause 6.2 of the Principal Trust Deed and clause 5.5 of the Supplemental Trust Deed (in each case as identified in Appendix II) are valid, effective and enforceable under English law as the proper law of such contracts so as to give effect to Noteholder Priority (as defined at clause 6.2(iii) of the Principal Trust Deed)."

   (Perpetual Order)

3. The learned Judge was wrong to hold that such clauses were valid, effective and enforceable under English Law, for the following reasons:

   The nature and effect of Clause 5.5 and Condition 44

   (1) In paragraph 26 of his Judgment, the learned Judge erred in his approach to Clause 5.5 of the Supplemental Trust Deed ("Clause 5.5") and Condition 44 of the Note Conditions ("Condition 44") in that having recorded that Lehman BSF's counsel had "*agreed that they stood or fell together*", he proceeded to consider the submissions of LBSF in the context of Clause 5.5 alone and did not consider Condition 44 at all.

   In fact, counsel for Lehman BSF had indicated that while Clause 5.5 effected a change in priority between the amounts payable to Lehman BSF and Noteholders, the second paragraph of Condition 44 also changed the amount payable to Noteholders upon the early redemption of the Notes (by changing the means of calculating the same) (transcript, Day 3, Pages 164 to 168).

In these circumstances, the learned Judge ought to have considered the operation of Clause 5.5 and Condition 44 together.

(2) In reaching his conclusion as to the effect of Clause 5.5 in paragraph 45 of the Judgment, the learned Judge erred in that he:

(a) ignored/failed to give sufficient weight to the clear words of Clause 5.5, and in particular the use of "unless" in the second paragraph of Clause 5.5 as indicating a change of priority as between Lehman BSF and the Noteholders in the event of Lehman BSF's insolvency; and

(b) ignored/failed to give sufficient weight to the provisions of Condition 44 and in particular (i) the words "in the event that" at the beginning of the second paragraph; and (ii) that Condition 44 was to be invoked by the Issuer by service, consequent upon the insolvency of Lehman BSF, of a notice designating an Early Termination Date.

The learned Judge should have concluded that Clause 5.5 and Condition 44 did not provide for Lehmans BSF to have an inherently limited interest, but rather for an interest which was defeasible (in whole or in part) upon a condition subsequent, namely the early termination of the swap agreement by the service by the Issuer of a notice designating an Early Termination Date.

(3) In relation to the first point in paragraph 45, the learned Judge erred in that there were in fact 3 deals (Beryl 2008-4, Beryl 2008-6 & Beryl 2008-14) where LBSF made collateral contributions totalling over 30 million AUD.

(4) In relation to the second point in paragraph 45, the learned Judge erred in that there was no or no sufficient evidence before the Court upon which to found the conclusion that the provisions in the terms of Clause 5.5 and Condition 44 (which were peculiar to this programme and were not part of the ISDA Master Agreement) existed in other long-standing commercial arrangements.

(5) In relation to the second to fourth points in paragraph 45, the learned Judge erred in failing to take into account the fact that Lehman BSF might have a claim under the swap contract against the Issuer even if the swap had terminated for Lehman BSF's default. Absent the second paragraph of Condition 44, Lehman BSF would have been entitled to a payment (and some of the benefit of the Collateral) even in the event of its own default.

(6) In relation to the fifth point and the conclusion reached in the final sentence in paragraph 45, the learned Judge erred in that the five points identified were not of themselves a sufficient basis upon which to determine that Clause 5.5 and Condition 44 gave Lehman BSF a limited interest from the outset rather than an interest defeasible upon a condition subsequent.

Scope of the anti-deprivation principle

(7) In any event, the supposed rule applied by the learned Judge that inherently limited interests are permissible, whilst interests defeasible upon a condition subsequent are impermissible, is unprincipled and is not, or ought not to be, part of the law of England and Wales because:

(a) the validity or invalidity of the clause should be defined in terms of the public policy of ensuring that the estates of insolvent parties are not improperly diminished in the event of their insolvency; and

(b) the validity or invalidity of the clause should depend upon the effect of the clauses and the application of such policy rather than a narrow syntactical analysis of the drafting of the clause.

(8) The learned Judge erred in paragraph 46 of the Judgment in adopting an unduly narrow approach to the scope of the anti-deprivation principle in that:

(a) the principle applies to prevent the insolvent estate being improperly diminished in the event of insolvency;

(b) the learned Judge wrongly restricted the application of the principle to factual circumstances in which the rule has previously been held to apply rather than seeking to apply the underlying rationale for the principle based on public policy to the facts of the present case; and

(c) the references to *Ex parte Mackay* in paragraphs 46 and 30 gave insufficient weight to general considerations of principle and did not take account of Lehman BSF's continuing security interest in the Collateral, which was an asset of Lehman BSF which was rendered less valuable by the "springing priority" and increased quantum of the debt payable to the Noteholders under Clause 5.5 and Condition 44, respectively.

(9) The learned Judge should have concluded that there was no material distinction in substance between the proviso invalidated

in *ex parte Mackay* and the provisions in issue in the present case. Contrary to the learned Judge's view set out in paragraph 46, it does not matter who holds or disposes of the property; the anti-deprivation principle operates to render invalid contractual provisions which have the effect of depriving an insolvent estate of some part of its value (including a reduction of the insolvent's share or interest in an asset) by reason of the insolvency itself.

Timing of deprivation

(10) The learned Judge erred in holding that Perpetual and Belmont were entitled to rely on the event of default constituted by Lehman Brothers Holding Inc filing for Chapter 11 protection as triggering clause 5.5 of the Supplemental Trust Deed (paragraph 55) in that:

(a) He failed to give any or any proper weight to Condition 44. It was not the Event of Default itself that triggered deprivation but the activation of Condition 44. It was only if and when the Collateral is enforced or realised, or alternatively when a notice designating an Early Termination Date is actually given, that the deprivation would actually occur rather than on any right to enforce arising. No instruction to enforce had been given and no enforcement or realisation of Collateral had occurred prior to Lehman BSF's filing of insolvency proceedings.

(b) The learned Judge failed to have regard to the decision of Neuberger J in *Money Markets* (at paragraph 107) to the effect that the deprivation must be completed before insolvency in order to escape the application of the anti-deprivation principle.

(c) The anti-deprivation principle should apply in either of the following situations where the deprivation provision can be activated in either an event of insolvency or in an event other than insolvency, but is activated on or after the insolvency event:

(i) where the party seeking to rely on the provision relied on the non-insolvency event but could in the circumstances have relied on the insolvency event; or

(ii) the party seeking to rely on the provision in fact relied on the insolvency event but could in the circumstances have relied on the non-insolvency event.

(11) The suggestion that the Claimants could have terminated because of Lehman Brothers Holding Inc's insolvency would provide an unfair advantage based on happenstance. They in fact elected to terminate at a time when Lehman BSF was insolvent and relied on the same. Whether they had other grounds on which to give notice is not directly relevant for the purpose of the public policy rule, which is to prevent deprivation of value from the insolvent estate.

4. In the premises, the learned Judge should have held that such clauses were invalid, ineffective and unenforceable under English law as the proper law of such contracts and that Swap Counterparty Priority rather than Noteholder Priority should be given effect to.