UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|                                                                 |   |                          |
|-----------------------------------------------------------------|---|--------------------------|
| ────────────────────────────────────────────── x                |   | Chapter 11               |
| In re:                                                        : |   |                          |
|                                                                 |   | Case No. 08-13555 (JMP)  |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*                       : |   |                          |
|                                                                 |   |                          |
| Debtors.                                                      : |   |                          |
|                                                                 |   |                          |
| ────────────────────────────────────────────── x                |   |                          |
|                                                                 |   |                          |
| LEHMAN BROTHERS SPECIAL FINANCING INC.                        : |   |                          |
|                                                                 |   |                          |
| Plaintiff,                                                    : |   |                          |
|                                                                 |   |                          |
| -against-                                                     : |   | Adversary Proceeding     |
|                                                                 |   | No.: 09-01242 (JMP)      |
| BNY CORPORATE TRUSTEE SERVICES LIMITED                          |   |                          |
|                                                               : |   |                          |
| Defendant.                                                      |   |                          |
|                                                               : |   |                          |
| ────────────────────────────────────────────── x                |   |                          |

**ORDER (I) GRANTING DEFENDANT BNY CORPORATE TRUSTEE SERVICES LTD.'S MOTION FOR ENTRY OF AN ORDER MEMORIALIZING THIS COURT'S JANUARY 25, 2010 MEMORANDUM DECISION, (II) DENYING DEFENDANT BNY CORPORATE TRUSTEE SERVICES LTD.'S MOTION TO REOPEN AND REARGUE, AND (III) GRANTING PLAINTIFF LEHMAN BROTHERS SPECIAL FINANCING INC.'S MOTION FOR SUMMARY JUDGMENT**

Upon consideration of (i) the motion for summary judgment, dated June 10, 2009, of Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to section 105(a) of title 11 of the United States Code and Rule 7056 of the Federal Rules of Bankruptcy Procedure, for entry of an order granting LBSF summary judgment in this adversary proceeding ("LBSF's Motion"), (ii) the motion for summary judgment, dated September 25, 2009 of Defendant BNY Corporate Trustee Services Ltd. ("BNY"), pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure ("BNY's Summary Judgment Motion" and, together with LBSF's Motion, the

"Summary Judgment Motions"), and (iii) the April 28, 2010 motion of BNY for entry of an order memorializing this Court's Memorandum Decision of January 25, 2010 or, in the alternative, to reopen and reargue the Summary Judgment Motions (the "Reargument Motion"); and the Court having jurisdiction to consider the Summary Judgment Motions, the Reargument Motion and the respective relief requested, in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Summary Judgment Motions, the Reargument Motion and the relief requested therein being core proceedings pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 157(a), 1408, and 1409; and due and proper notice of each motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837]; and the Court having determined that, with respect to the Summary Judgment Motions, the material undisputed facts presented in the respective Rule 7056-1 Statements of Undisputed Facts are not subject to any genuine dispute; and after considering an extensive record of briefing, declarations, and exhibits submitted by the parties; and, with respect to the Summary Judgment Motions, after hearing oral argument on November 19, 2009, and holding status conferences on February 9, 2010, March 17, 2010, April 14, 2010, and May 12, 2010; and upon the record of the hearing on the Reargument Motion held on June 30, 2010; and this Court and the English High Court of Justice (the "High Court") having exchanged correspondence regarding the related proceeding in *Perpetual Trustee Co. Ltd. v. BNY Corporate Trustee Services Ltd., et al.*, Nos. HC09C011612 & HC09C01931; and the High Court having requested that this Court refrain from entering an order that would "(a) require BNY to act in any particular way with the

collateral or its proceeds; or (b) declare that BNY is required to act or deal in any particular way with the collateral or its proceeds, until (in each case) further communication has taken place between the US and English courts"; and this Court having agreed not to enter an order requiring BNY to tender any collateral to LBSF at this time so that the High Court and this Court would have the opportunity to communicate "in an effort to reach a coordinated resolution" of this matter and the related proceedings in England; and the High Court, in light of LBSF's appeal to the Supreme Court of the United Kingdom, having postponed consideration of this Court's request that it "recognize and give effect to my January 25, 2010 declaratory judgment" in light of the High Court's order dated November 24, 2009 recognizing the chapter 11 bankruptcy proceedings in this Court to be a "foreign main proceeding" pursuant to Article 17 of the UNCITRAL Model Law, as set out in Schedule 1 to the United Kingdom's Cross-Border Insolvency Regulations 2006; and in view of this Court's expectation that further coordination and communication between the High Court and this Court shall take place; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Reargument Motion is granted to the extent that it seeks entry of an order memorializing this Court's Memorandum Decision of January 25, 2010 and denied to the extent that it seeks to reopen and reargue the Summary Judgment Motions; and it is further

ORDERED that LBSF's Motion is granted and BNY's Summary Judgment Motion is denied; and it is further

ORDERED that the contractual provisions (including clause 5.5 in the Supplemental Trust Deeds and Condition 44 in the Terms and Conditions of the Notes and their implementing provisions) that purport to modify LBSF's payment priority as a result of its chapter 11 filing and the chapter 11 filing of LBSF's corporate parent, Lehman Brothers Holdings Inc., are

unenforceable *ipso facto* clauses under United States Bankruptcy Code sections 365(e)(1) and 541(c)(1)(B), and any action to enforce such provisions is prohibited by the automatic stay under Bankruptcy Code section 362(a); and it is further

ORDERED that, consistent with the statements made by the Court on the record of the hearing on June 30, 2010, this Order is interlocutory; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.


Dated: New York, New York            *s/ James M. Peck*
       July 19, 2010                      United States Bankruptcy Judge